UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MATTHEW HORNICK
and similarly, situated individuals,

    Plaintiff,

vs.

ALLIED CEMENT LLC,
a Florida corporation, NIMA BEHROOZIAN,
an individual,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, MATTHEW HORNICK (hereinafter "HORNICK"), sues Defendants, ALLIED CEMENT LLC (hereinafter "ALLIED CEMENT") and NIMA BEHROOZIAN (hereinafter "BEHROOZIAN") by and through the undersigned counsel, hereby files and serves the instant Complaint and states:

1. HORNICK and similarly situated individuals bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or the "FLSA") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2. Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

3. All acts or omissions giving rise to this dispute took place in the Southern

District of Florida.

**PARTIES**

4. HORNICK, is an individual, a resident of Miami-Dade County, Florida, and was an employee of ALLIED CEMENT, who worked at 3500 NW 114 Street, Miami Florida, from in or about the end of 2019 through March 2022.

5. At all times material to this Complaint, HORNICK was an employee of Defendants who was non-exempt from the overtime provisions of the Act.

6. ALLIED CEMENT is a Florida corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint including the time that Plaintiff worked for the corporate Defendant to the present day. Its principal place of business is in Miami-Dade County, Florida, 3500 NW 114 Street, Miami Florida.

7. BEHROOZIAN acted and acts directly in the interests of ALLIED CEMENT in relation to its employees. BEHROOZIAN ran the day-to-day operations of ALLIED CEMENT during the time that HORNICK worked there. In addition, he processed HORNICK's paycheck and sometimes paid him out of his personal account. Thus he was and is an employer within the meaning of Section 3(d) of the Act, 29 USC § 203(d).

8. HORNICK was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for Defendants and at all times material to this Complaint. HORNICK worked in a warehouse that sold cement and other products

that had been purchased in bulk from outside the state to be re-sold to local customers.

9. During the time that Plaintiff worked for ALLIED CEMENT to the present, ALLIED CEMENT was and has been in the business of importing cement to customers located inside the State of Florida as well as outside the State.

10. Upon information and belief, ALLIED CEMENT's gross revenues for the entire time of HORNICK's employ through the present exceeded $500,000 per year.

11. Upon information and belief, ALLIED CEMENT regularly orders and ordered goods and materials that come from outside the State of Florida and has done so throughout entire time of Plaintiff's employ.

12. By reason of the foregoing, for ALLIED CEMENT was during all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

13. Plaintiff consents to being a party-Plaintiff in this collective action.

**FACTUAL ALLEGATIONS**

14. Defendants are in the business of importing cement and similar building products for resale to the local market in South Florida.

15. Defendants also have a location near Tampa Florida.

16. Plaintiff worked as a warehouse worker at Defendant's location, 3500 NW 114 Street Miami Florida.

17. HORNICK began working for ALLIED CEMENT from in or about

October of 2019 through March 2022.

18. Plaintiff was paid on an hourly basis.

19. Plaintiff started at $12 per hour.

20. In or about September 2020 HORNICK'S rate of pay was increased to $16 per hour.

21. HORNCK did not receive any pay stubs until September 2020.

22. Defendant paid HORNICK in cash or via Zelle.

23. HORNICK often worked more than forty (40) hours per week but was not paid time and half for those hours worked over forty (40) hours per week.

24. The excess of forty hours was compensated at the regular rate of $16 per hour.

25. HORNICK worked an average of fifty-five hours per week.

26. The overtime owed to HORNICK for work performed from July 2020 through September 2020 is estimated as follows: $6 (half-time rate) x 15 hours =$90 x 5 weeks = $450.

27. The overtime owed to HORNICK for work performed from September 2020 through December 31, 2020 is estimated as follows: $8 (half-time rate) x 15 hours =$120 x 12 weeks = $1,440.

28. The overtime owed to HORNICK for work performed from January 1, 2021 through March 2022 is estimated as follows: $6 (half-time rate) x 15 hours =$120 x 64 weeks = $7,680.

## COUNT II -- VIOLATION OF FAIR LABOR STANDARDS ACT
### (FAILURE TO PAY OVERTIME WAGES)

29. HORNICK reaffirms and re-alleges paragraphs 1-28 above.

30. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

31. At all times since the three years preceding the filing of this Complaint, Defendants willfully employed Plaintiff and similarly situated individuals in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiff and similarly situated employ4es for such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which he was employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

32. Defendants are each and are collectively an employer under the Act.

33. Defendants willfully and intentionally failed to pay Plaintiff and similarly situated employees the statutory overtime rate as required by the laws of the United States as set forth above and remain owing their back wages.

34. As a result of the under payments of wages alleged above, Defendants are indebted to Plaintiff and similarly situated individuals for unpaid overtime

compensation in addition to liquidated damages. Plaintiff proposes to obtain the necessary records and information to determine the amount of the underpayment to Plaintiff and similarly situated individals by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, Plaintiff and similarly situated individuals demand judgment awardingthem all such legal and/or equitable relief that will effectuate the purpose of the Act including, but not limited, to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances. HORNICK also requests retrospective and prospective injunctive relief pursuant to 29 U.S.C § 217 requiring Defendants to pay overtime owed to its employees and an Order prohibiting Defendants from violating the FLSA in the future.

### JURY DEMAND

Plaintiff and similarly situated individuals demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1533 Sunset Drive, Suite 150
Miami, Florida 3343
(786) 446-7288
(786) 323-7274 (facsimile)

s/ Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829